IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 108-112 |
| | ) | |
| MARCUS TERRELL MILLER | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Marcus Terrell Miller ("Miller") of one count of Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 924(a)(2). (Doc. no. 1). The matter is now before the Court on Miller's motion to dismiss the indictment. (Doc. no. 22). The government opposes the motion. (Doc. no. 38). Now, for the reasons developed more fully herein, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

### I. BACKGROUND

The felon in possession statute under which Miller has been charged in this case prohibits, *inter alia*, "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from shipping, possessing, or receiving a firearm or ammunition. 18 U.S.C. § 922(g)(1). Although the government has alleged in the Indictment that Miller has been previously convicted of at least three felony offenses, according to the government's disclosures, none of the prior offenses have been identified

as violent. (Id.). Miller summarizes the essence of the government's case against him as follows:

> [T]he government contends in this criminal action that the two defendants, both of whom have prior felony convictions, were occupants of a vehicle which contained one Dan Wesson, .357 caliber revolver, loaded with four rounds [of] Winchester .357 caliber ammunition and four rounds of Federal .357 caliber ammunition, and one Colt, model Challenger .22 caliber pistol, loaded with six rounds of Federal .22 caliber ammunition and three rounds of Remington .22 caliber ammunition.

(Doc. no. 22, p. 1 (citing doc. no. 1, Indictment, pp. 1-3)). According to Miller, the government's case against him should be dismissed in light of the recent ruling of the United States Supreme Court in District of Columbia v. Heller, 128 S. Ct. 2783 (2008). Miller contends that because the Second Amendment's right to bear arms has been interpreted in Heller as an individual, rather than a collective, right, "there is no defensible reason, or any persuasive precedent explaining, why a person convicted of a nonviolent offense is categorically deprived of the 'right to bear arms' safeguarded by the Second Amendment." (Doc. no. 22, p. 3). Thus goes the argument, this prosecution impermissibly infringes on Miller's Second Amendment right to bear arms, and therefore the indictment should be dismissed.

## II. DISCUSSION

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In Heller, the Supreme Court ruled that the Second Amendment secures to an individual the right to possess and use a firearm for lawful purposes when it found that two District of Columbia statutes were unconstitutional to the extent that the they

banned handgun possession in the home and prohibited having an operable firearm in the home for the purpose of immediate self-defense. Heller, 128 S. Ct. at 2821-22. However, in reaching its decision, the Supreme Court highlighted that "the right secured by the Second Amendment is not unlimited." Id. at 2816. In particular, the Supreme Court stated,

> [N]othing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons and the mentally ill, or law forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Id. at 2816-17. The Supreme Court also included a specific admonition that this list of "presumptively lawful regulatory measures" was offered merely by way of example and was not an exhaustive list. Id. at 2817 n.26.

Contrary to Miller's argument in his motion to dismiss, the Supreme Court's ruling in Heller does not "undermine[] the federal statutory prohibition on the possession of firearms by those who have never been convicted of a violent offense." (Doc. no. 22, pp. 2-3). In fact, every circuit court of appeals to consider challenges to the felon in possession statute since Heller was issued have rejected arguments like those now made by Miller.[1] See United States v. Battle, No. 2:07-cr-307-MEF, 2008 WL 4571560, at *2 n.2 (M.D. Ala. Oct.

---

[1] To his credit, Miller acknowledges that post-Heller constitutional challenges to the felon in possession statute have all been rejected, but he nonetheless "submits that these courts are mistaken and have failed to give the Supreme Court's paradigm-shattering decision the consideration and respect which it is due." (Doc. no. 22, p. 2). As discussed herein, the Court concludes that it is Miller who is mistaken in his interpretation of Heller.

3

14, 2008) (collecting cases).² The application of the Heller holding which Miller would have this Court employ is simply not tenable, and his motion to dismiss should be denied.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

SO REPORTED and RECOMMENDED this/8th day of November, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

²Although the parties have not cited to, and the Court is not aware of, Eleventh Circuit precedent on the issue, in this District, the Honorable B. Avant Edenfield, United States District Judge, has rejected an analogous argument in denying a § 2255 motion. Judge Edenfield denied relief to a petitioner who had been convicted of trafficking in stolen firearms, in violation of 18 U.S.C. § 922(j). LaRoche v. United States, 2008 WL 4222081, CV 407-054, doc. no. 8, *adopted by* doc. no. 18 (S.D. Ga. Sept. 15, 2008), *appeal docketed*, No. 08-15420 (11th Cir. Sept. 24, 2008). After specifically acknowledging Heller but noting the caveat discussed herein that longstanding prohibitions on possession, and qualifications on sales, of firearms are not impacted by the ruling in Heller, Judge Edenfield concluded that "reasonable and necessary limitations [on the purchase and possession of firearms] are certainly constitutional." LaRoche, 2008 WL 4222081 at *2.